# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: October 17, 2019)

```
* * * * * * * * * * * * *
BRYAN MACIEL,                      *    UNPUBLISHED
                                   *    No. 15-362V
            Petitioner,            *
                                   *    Special Master Dorsey
v.                                 *
                                   *    Attorneys' Fees and Costs
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * *
```

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioners.
Mallori B. Openchowski, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 10, 2015, Bryan Maciel ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act").[3] Petitioner alleged that he developed multiple sclerosis ("MS") and optic neuritis as a result of receiving doses of the human papillomavirus ("HPV") on August 28, 2013, October 13, 2013, and March 6, 2014, and/or that the last dose of HPV vaccine significantly aggravated his

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

[3] At the time the petition was filed, petitioner was a minor and thus the caption reflected that the petition was filed on behalf of petitioner by his parents and natural guardians, Elias and Kelly Vilela Maciel. Upon reaching the age of majority, the caption was amended to reflect petitioner's name on March 15, 2018. ECF No. 37.

underlying MS. Petition at 1, ECF No. 1. A hearing was held in this matter on March 22, 2018, and on October 12, 2018, the previously assigned special master issued his decision denying compensation.[4] Decision, ECF No. 44. Petitioner filed a motion for review on November 12, 2018, and on April 1, 2019, the assigned judge at the Court of Federal Claims issued her opinion and order, denying petitioner's motion for review and sustaining the decision of the special master. ECF No. 50.

On June 7, 2019, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 54). Petitioners request compensation in the amount of $96,598.64, representing $69,184.15 in attorneys' fees and $27,414.49 in costs. Fees App. at 1. Respondent filed his response on June 19, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response, ECF No. 55, at 2. On September 24, 2019, petitioner filed a corrected motion for attorneys' fees and costs to address an issue of missing cost receipts in the original motion. ("Fees App.") ECF No. 56.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $78,263.09.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although petitioners were denied compensation, the undersigned finds that both good faith and reasonable basis exist. Accordingly, a final award of attorneys' fees and costs is proper.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85

---

[4] On October 4, 2019, this case was reassigned to the undersigned for resolution of the pending motion for attorneys' fees and costs. ECF No. 57.

Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i.  Reasonable Hourly Rates

For attorney Clifford Shoemaker, petitioner requests an hourly rate of $400.00 for work performed in 2014, $415.00 for work performed in 2015, $430.00 for work performed in 2016, $440.00 for work performed in 2017, $450.00 for work performed in 2018, and $460.00 per hour for work performed in 2019.  For attorney Renee Gentry, petitioner requests $375.00 for work performed in 2014, $415 for work performed in 2016, $424.00 for work performed in 2017, and $435.00 for work performed in 2018.  For attorney Sabrina Knickelbein, petitioner requests $337.00 for work performed in 2014, $350.00 for work performed in 2015, $365.00 for work performed in 2016, $378.00 for work performed in 2017, $391.00 for work performed in 2018, and $400.00 per hour for work performed in 2019. Because the attorneys practice in Vienna, Virginia, forum rates apply.

The requested rates are reasonable and consistent with what Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein have previously been awarded for their Vaccine Program work, with the exception of Ms. Knickelbein's requested 2014 rate. Previously, the undersigned and other special masters have awarded her $245.00 per hour for work performed in 2014. See Oliver v. Sec'y of Health & Human Servs., No. 10-394V, 2019 WL 2246727, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 16, 2019); Moriarty v. Sec'y of Health & Human Servs., No. 03-2876V, 2019 WL 2635839, at *2-3 (Fed. Cl. Spec. Mstr. May 13, 2019). The billing records indicate that Ms. Knickelbein billed 2.7 hours in 2014. Therefore, application of the corrected rate results in a reduction of **$248.40**.[5]

### ii.      Reasonable Hours Expended

---

[5] ($337.00 per hour requested - $245.00 per hour awarded) *2.7 hours billed = $248.40.

3

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate. For reasons explored more thoroughly below, the undersigned reduces the requested fees by 20%, resulting in a further deduction of **$13,787.15**. [6]

### 1. Vague Billing Entries

The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness. See Barry v. Sec'y of Health & Human Servs., No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% due to vague billing entries); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468, at *8.

The undersigned has expressed dissatisfaction in the past with the vagueness of Mr. Shoemaker's billing entries. See Prokopeas v. Sec'y of Health & Human Servs., No. 04-1717V, 2017 WL 6763067 (Fed. Cl. Spec. Mstr. Dec. 5, 2017). This application raises the same concerns. Mr. Shoemaker's billing records frequently display entries such as "Email from DOJ," "Emails to and from Sabrina". Left with such vague descriptions, the undersigned cannot effectively evaluate the reasonableness of the time spent or how the work was relevant to the case. The undersigned thus reduces petitioners' fee award for vague billing entries.

### 2. Excessive Interoffice Communication

The undersigned and her fellow special masters have previously emphasized the inefficiency that results when multiple attorneys work on one case. See Sabella, 86 Fed. Cl. at 214-15 (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case). This issue has arisen in other cases handled by Mr. Shoemaker and his associates. See Parker v. Sec'y of Health & Human Servs., No. 02-1553, 2018 U.S. Claims LEXIS 833 (Fed. Cl. Spec. Mstr. June 18, 2018). Here, three attorneys from Mr. Shoemaker's firm worked on the case, resulting in a number of entries with descriptions such as "Emails to and from Sabrina" or "emails to Renee" or "E-mails to and from Cliff." See generally Fees App. 2-23. The majority of entries such as these do not contain any information as to what the interoffice communication was about, which does not allow the undersigned to determine the reasonableness of that communication. As it has in the past, this will lead to a reduction in petitioners' fee award.

### 3. Administrative/Paralegal Work

---

[6] The reduction is calculated as follows: ($69,184.15 - $248.40) * 0.2 = $13,787.15.

It is well established that attorneys who bill for paralegal-level work must appropriately reduce their fee. Mostovoy, 2016 WL 720969, at *5. Moreover, the Vaccine Program does not permit billing at any rate for clerical or administrative work, since such tasks "should be considered as normal overhead office costs included in the attorneys' fees rate." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). In the Vaccine Program, administrative work includes such tasks as making travel arrangements, setting up meetings, reviewing invoices, and filing exhibits. Hoskins v. Sec'y of Health & Human Servs., No. 15-071, 2017 U.S. Claims LEXIS 934, at *6-7 (Fed. Cl. Spec. Mstr. July 12, 2017) ("Almost all of the paralegal's time was spent on scanning, paginating, and filing records—clerical activities for which neither an attorney nor a paralegal should charge."); Floyd v. Sec'y of Health & Human Servs., No. 13-556, 2017 U.S. Claims LEXIS 300, at *13-14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome of the tasks performed by paralegals were clerical/secretarial in nature. Examples include . . . filing documents through the CM/ECF system."); Mostovoy, 2016 WL 720969, at *12.

Many of Ms. Knickelbein's tasks fit into these categories. Although she is an attorney, Ms. Knickelbein devoted nearly all of her time in this matter to administrative or paralegal work. Pet. App. at 29-47; see also Prokopeas, 2017 U.S. Claims LEXIS 1771, at *13 (noting that Ms. Knickelbein billed for "a plethora of administrative tasks"); Hooker v. Sec'y of Health & Human Servs., No. 02-472, 2017 U.S. Claims LEXIS 845, at *58-59 (Fed. Cl. Spec. Mstr. April 11, 2017). Additionally, Ms. Knickelbein has many billing entries for review of various filings made by the Court and respondent which are duplicative with time billed by Mr. Shoemaker. This discrepancy also supports the reduction in attorneys' fees.

### b. Attorneys' Costs

Petitioner requests a total of $27,414.49 in attorneys' costs. The majority of this amount ($24,750.00) is for the expert work of Dr. Carlo Tornatore, who prepared two expert reports and testified at the entitlement hearing. The undersigned has reviewed Dr. Tornatore's billing records and finds that the hours billed (49.5) are reasonable for the work performed in this matter. However, Dr. Tornatore's requested rate of $500.00 per hour must be adjusted.

Dr. Tornatore has consistently been awarded $400.00 per hour for his work in the Vaccine Program. See Cipa v. Sec'y of Health & Human Servs., No. 16-462V, 2019 WL 2744851, at *4 (Fed. Cl. Spec. Mstr. Jun 6, 2019); Bonica v. Sec'y of Health & Human Servs., No. 16-1127V, 2019 WL 948368, at *5 (Fed. Cl. Spec. Mstr. Jan. 22, 2019); Averitt v. Sec'y of Health & Human Servs., No. 16-938V, 2018 WL 4907991, at *3 (Fed. Cl. Spec. Mstr. Sept. 4, 2018). Recently, at least one special master has expressed a willingness to award Dr. Tornatore a higher rate for his more recent work. See Cipa, 2009 WL 2744851 at *3 ("While I would be open in future cases to award Dr. Tornatore a higher rate, I find that rate of $400.00 per hour is appropriate in this case.").

In this case, the undersigned will compensate Dr. Tornatore's work from 2016-2017 at the previously established rate of $400.00 per hour. Concerning Dr. Tornatore's work in 2018, the undersigned is willing to increase his rate to $450.00 per hour in recognition of the overall

5

work he has provided for the Vaccine Program, and for his work in this case. However, the undersigned notes that it is petitioner's burden to justify a requested expert rate. Simon v. Sec'y of Health & Human Servs., No. 05-941V, 2008 WL 623833, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008) ("The burden is on the petitioner to demonstrate the reasonableness of the expert's requested hourly rate.").

In the instant case, petitioner has failed to meet this burden, as petitioner's fees application contains no justification as to why Dr. Tornatore should be awarded $500.00 per hour. This is particularly relevant given that counsel has frequently retained Dr. Tornatore as an expert, requested an hourly rate of $500.00, and had that rate reduced. See Cipa, 2009 WL 2744851 at *3. Additionally, although the previously assigned special master found Dr. Tornatore to be a competent and credible expert, especially on the topic of MS, the special master also found that the medical records did not corroborate petitioner's contention as reflected in part of Dr. Tornatore's testimony (that petitioner experienced a systemic immune response after receipt of the third vaccine dose), and that petitioner did not present a plausible theory supported by reliable evidence. See Maciel v. Sec'y of Health & Human Servs., No. 15-362V, 2018 WL 6259230, at *27-28 (Fed. Cl. Spec. Mstr. Oct. 12, 2018).

Applying the aforementioned rates to Dr. Tornatore's work results in a reduction of **$4,300.00**.[7] The undersigned finds the remaining requested costs, which consist of acquiring medical records, the Court's filing fee, and a transcript of the entitlement hearing, to be reasonable and supported by adequate documentation. Accordingly, petitioner is entitled to final attorneys' costs of **$23,114.49.**

The remaining costs sought are for acquiring medical records, court filing fees, and acquiring transcripts for proceedings. These costs are all typical of Vaccine Program litigation and petitioners have provided adequate documentation for all of the requested costs. Accordingly, the undersigned shall reimburse these costs.

## II.     Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| Attorneys' Fees Requested | $69,184.15 |
|---|---|
| (Total Reduction from Rates Adjustment) | - ($248.40) |
| (Total Reduction from Billing Hours) | - ($13,787.15) |
| **Total Attorneys' Fees Awarded** | **$55,148.60** |
| | |
| Attorneys' Costs Requested | $27,414.49 |

---

[7] For work performed in 2016-2017: ($500.00 per hour requested - $400.00 per hour awarded) * 36.5 hours - $3,650.00.

For work performed in 2018: ($500.00 per hour requested - $450.00 per hour awarded) * 13.0 hours = $650.00.

| (Reduction of Costs) | - ($4,300.00) |
|---|---|
| **Total Attorneys' Costs Awarded** | **$23,114.49** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$78,263.09** |

**Accordingly, the undersigned awards a lump sum of $78,263.09 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Clifford Shoemaker.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.